UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
DAILY VEGGIES, LLC,

                        Plaintiff,                                  NOT FOR PUBLICATION
                                                                    **MEMORANDUM & ORDER**
     -against-                                                      25-cv-138 (CBA) (JRC)

GRUBMARKET, INC.,
                        Defendant.
-------------------------------------------------------x


**AMON, United States District Judge:**

## INTRODUCTION

Plaintiff Daily Veggies, LLC brings this action against Defendant GrubMarket, Inc. asserting

claims for failure to make full payment promptly as required by the Perishable Agricultural

Commodities Act ("PACA"), 7 U.S.C. §§ 499b and 499e(a), and related New York state-law claims

for breach of contract under theories of intent-to-be-bound, agency, piercing-the-corporate-veil,

and instrumentality liability. Defendant moves pursuant to Rules 12(b)(1) and 12(b)(6) of the

Federal Rules of Civil Procedure to partially dismiss the First Amended Complaint. I heard oral

argument on these motions on July 17, 2026. (Minute Entry Dated July 17, 2026.) I then issued an

oral ruling denying Defendant's motion. (Id.) This opinion explains my reasons for denying

Defendant's motion.

## BACKGROUND

The following facts are derived from allegations of the First Amended Complaint and are

taken as true. Plaintiff, based in Bayside Hills, New York, (ECF Docket Entry ("D.E.") # 20

("FAC") ¶ 4), imports produce from Mexico for sale in the United States, (id. ¶ 25). Defendant is

an e-commerce company within the food supply chain incorporated in Delaware with its principal

place of business in South San Francisco, California. (Id. ¶¶ 5, 11.) Defendant is licensed, pursuant to PACA, as a dealer of perishable agricultural commodities. (Id. ¶ 13.)

Beginning in 2018, Plaintiff entered into repeated season-long (September-June) agreements with Fong Shing International Corp. ("Fong Shing"), a PACA licensed produce dealer with its principal place of business in New York. (Id. ¶¶ 20, 27.) Plaintiff agreed to serve as the intermediary between Produce First, which grew produce in Mexico, and Fong Shing, which sold the produce. (Id. ¶¶ 27-29.) Plaintiff imported produce for Fong Shing after buying it from Produce First. (Id. ¶ 28.) Fong Shing paid Plaintiff on a "price-after-sale" basis, by which Fong Shing would establish a price based on the amount of produce it sold plus a ten percent commission and freight charges. (Id. ¶ 29.) For each shipment under a season's agreement, Fong Shing's bookkeeper would send Plaintiff a "return statement" that "listed the quantity of each type of produce received in a shipment, the average price received, the extended price, total price, freight charges, and the net return due." (Id. ¶ 30.) Fong Shing usually provided such statements to and paid Plaintiff within thirty days of delivery. (Id.)

Defendant acquired Fong Shing in 2021 and treated it as a division of the corporation. (Id. ¶¶ 31, 34.) Plaintiff alleges that it sold $5,662,580.37 worth of produce to Defendant, but Defendant only paid $5,592,606.37, creating a deficit of $69,974.00. (Id. ¶ 41.) This deficit accrued over four truck-load shipments delivered between June 6 and June 27, 2022. (Id. ¶ 43.)

Plaintiff and Fong Shing, operating as a division of Defendant, entered into another season-long agreement for 2022-2023. (Id. ¶ 50.) Defendant's provision of return statements and payment began lagging, exceeding the usual 30-day period after delivery. (Id. ¶¶ 51-55.) Defendant eventually ceased paying on the price-after-sale basis, paying lump sums that left a deficit of

$720,618.30 owed to Plaintiff for produce sold and delivered to Defendant's Fong Shing Division from March 27, 2023, through June 8, 2023. (Id. ¶¶ 53, 55.)

On July 14, 2023, Defendant closed the Fong Shing Division that was operating in New York. (Id. ¶ 62.) Defendant repeatedly paid other suppliers for produce those suppliers had sold to the then insolvent Fong Shing Division, (id. ¶¶ 76-78), but did not pay Plaintiff, (id. ¶ 78). As relevant here, Plaintiff seeks damages in the amount of $790,592.30 for Defendant's alleged violations of PACA, 7 U.S.C. § 499b. (Id. ¶¶ 95-106.)

## STANDARD OF REVIEW

To survive a Rule 12(b)(6) motion, a complaint must plead "enough facts to state a claim to relief that is plausible on its face," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007), and "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). When considering a motion to dismiss, the Court must accept all factual allegations as true and draw from them all reasonable inferences but need not "credit conclusory allegations or legal conclusions couched as factual . . . allegations." Dane v. UnitedHealthcare Ins. Co., 974 F.3d 183, 188 (2d Cir. 2020) (citations omitted) (alteration in original). "[A] district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." DiFolco v. MSNBC Cable L.L.C., 622 F.3d 104, 111 (2d Cir. 2010) (citation omitted).

Dismissal is warranted under Rule 12(b)(1) when "the district court lacks the statutory or constitutional power to adjudicate" an action. Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000). In reviewing a motion under Rule 12(b)(1), a court may resolve factual issues relating to the issue of subject matter jurisdiction and may do so by looking beyond the pleadings to evidence submitted "by affidavit or otherwise." Stewart v. IRS, 157 F.R.D. 153, 155 (E.D.N.Y. 1994) (citing Kamen v. Am. Tel. & Tel. Co., 791 F.2d 1006, 1011 (2d Cir. 1986)). A plaintiff

3

bears the ultimate burden of proving subject matter jurisdiction by a preponderance of the evidence. Luckett v. Bure, 290 F.3d 493, 497 (2d Cir. 2002). "'[I]n assessing whether federal question jurisdiction lies, [courts must] ask if the well-pleaded complaint asserts a federal claim on its face.'" City of Rome v. Verizon Commc'ns, Inc., 362 F.3d 168, 174 (2d Cir. 2004) (citing Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6 (2003)).

### DISCUSSION

The parties disagree over how to interpret PACA: Does Section 499b provide an independent cause of action for failure to pay promptly, or must any potential PACA claimants first provide the notice required by Section 499e before they can bring such causes of action? Defendant argues for the latter construction of PACA.

Defendant filed the instant motion to dismiss, arguing that I should dismiss Count II (Violation of PACA) of the FAC for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and failure to state a claim under Rule 12(b)(6). (D.E. # 26 at 1.) Defendant's principal argument is that the provision of notice is an explicit prerequisite for stating a failure-to-pay claim under PACA and that, because Plaintiff failed to do so, it is barred from bringing its Section 499b claim. (D.E. # 26-1 at 5). Although Plaintiff concedes that it failed to protect its trust rights under PACA, (D.E. # 31 at 10), it claims that it was never required to do so because Section 499b and Section 499e(c) provide two different statutory remedies, and only the latter requires notice. Id. at 14-16. Because PACA provides the sole basis for federal jurisdiction in this case, the dispute over whether a claim may be asserted under PACA is dispositive of whether this Court possesses federal-question subject matter jurisdiction.

### I. Plaintiff States a Section 499b(4) Claim Because Section 499e(c)(3) Notice Is Not a Precondition to a Standalone Failure-to-Pay Claim

Section 499b of PACA defines unlawful conduct by commission merchants, dealers, or brokers in interstate or foreign commerce as: making fraudulent or misleading statements, failing to

4

account and make full payment promptly, failing to perform contractual duties without reasonable cause, or failing to maintain the trust required under § 499e(c). 7 U.S.C. § 499b(4).

Section 499e contains the damages, remedies, and trust provisions sections. Plaintiff relies on Section 499e(a), which makes liable any commission merchant, dealer, or broker who violates Section 499b for the full amount of damages sustained. Section 499e(c) is the trust provisions section added when PACA was amended in 1984. Section 499e(c) requires that perishable commodities received by a commission merchant, dealer or broker and proceeds from the sale of those commodities be held in trust for unpaid suppliers, sellers, or agents until full payment is received. 7 U.S.C. § 499e(c). The addition of the trust provision was intended to create a safety net for the growers and importers in case the buyer-distributors went out of business before they were able to pay the growers and importers for produce they had already shipped. H.R. Rep. No. 98-543, at 3-4 (1983). Because the Statute requires that the proceeds and the commodities are held in trust, the growers and/or importers are first in line to recoup their payments when a distributor defaults. Id. at 5. The trust provision contains a notice requirement requiring the unpaid supplier, seller, or agent to give written notice of intent to preserve the trust within 30 days of the applicable payment deadline or else lose the benefit of the trust. 7 U.S.C. § 499e(c)(3)-(4).

At issue in this case is whether the notice requirement of this section applies to all PACA claims, including Section 499b failure-to-pay claims, or just to those invoking the protection of the PACA trust. For the reasons stated below, I hold that Plaintiffs can bring a standalone failure-to-pay claim for violations of Section 499b(4) and seek remedies under Sections 499e(a)-(b) without fulfilling the notice requirement of Section 499e(c)(3).

1. **PACA's Text, Structure, and Legislative History Support This Reading**
"When interpreting a statute, we begin with the text." Lackey v. Stinnie, 604 U.S. 192, 199 (2025). PACA's text and structure make clear that Section 499e(c)'s notice requirement does not

apply to Section 499b(4). The statute creates two distinct causes of action in two separate sections. Section 499b and its corresponding damages and remedies provisions in Sections 499e(a)-(b) establish a cause of action and a related remedy for unlawful conduct. By contrast, Section 499e(c)(2) establishes a cause of action based in trust. Neither provision cross-references the other nor expressly conditions the causes of action upon one another. This structure suggests that Congress intended the greater protections of the trust provision, added in 1984, to require those invoking that provision to clear the higher procedural bar of notice in Section 499e(c)(3). "'Congress presumably does not enact useless laws,' so it makes no sense" to read Section 499b as incorporating the more stringent requirements of Section 499e(c), because that would render the "more lenient" Section 499b "a dead letter." See Bowe v. United States, 607 U.S. 13, 38 (2026) (quoting Garland v. Cargill, 602 U.S. 406, 427 (2024)) (declining, in the habeas corpus context, to import a more stringent exception in one provision into a more lenient one in another).

Congress could have easily collapsed all PACA's remedies in Section 499e(a) and (b) into the trust provision when it amended PACA in 1984. Instead, Congress maintained Section 499b as a separate provision and repeatedly acknowledged in the legislative record PACA's preexisting purpose of providing "a mechanism for sellers and buyers to collect damages from anyone who fails to live up to his contractual obligations." See, e.g., S. 2052, 98th Cong., 129 Cong. Rec. 31035 (1983) (enacted); see also New Jersey Steamboat Co. v. Collector, 85 U.S. 478, 486 (1873) ("It would have been very easy for Congress to repeal the proviso in express terms. It did not do this.") PACA's structure thus indicates that Section 499b and Section 499e(c) operate independently from and in addition to one another.

The history of PACA points in a similar direction as does its text. See United States v. Hoskins, 902 F.3d 69, 81 n.5 (2d Cir. 2018) (quoting United States v. Gayle, 342 F.3d 89, 94 (2d

6

Cir. 2003) ("[W]e may consider reliable legislative history where, as here, the statute is susceptible to divergent understandings and, equally important, where there exists authoritative legislative history that assists in discerning what Congress actually meant.")).

PACA's history confirms that Section 499e(c)'s trust provisions were additional, separate avenues for relief. Section 499e(c) was a later amendment to the law made in 1984, whereas Section 499b was a preexisting avenue for relief. Indeed, the House and Senate Records, as well as the House Agriculture Committee Report concerning PACA's amendment reflect a vision of the amendments as an addition to the initial provisions, intended to strengthen rights and protections rather than abrogate earlier ones. The record mentions providing unpaid sellers with "new safeguards" against non-payment. S. Res. 585, 98th Cong., 130 Cong. Rec. 9360 (1984) (enacted). The Second Circuit summarized the origins of PACA's amendments: "PACA generally worked well in making the marketing of perishable agricultural commodities more orderly and efficient," but sellers nonetheless "needed greater protection." Am. Banana Co., Inc. v. Republic Nat. Bank of New York, N.A., 362 F.3d 33, 37 (2d Cir. 2004) (citing H.R. Rep. No. 98-543, at 3 (1983), reprinted in 1984 U.S.C.C.A.N. 405, 406). Moreover, in early PACA suits, failure-to-pay claims were brought under Section 499b, before the statute ever contained a notice requirement. Lord & Spencer Co. v. Egan, Fickett & Co., 94 F. Supp. 786, 788 (D. Mass. 1950). This legislative history and corresponding caselaw make clear that Congress intended—and courts at the time understood—trust claims, and accordingly the notice requirement, to be a distinct means of protecting unpaid suppliers, sellers or agents. As such, the notice requirement does not apply to the preexisting right of action under Section 499b.

### 2. Caselaw From This Circuit Requiring Notice for Section 499b Is Not Controlling

None of the cases on which Defendant relies explicitly ruled on the issue presented here: whether a standalone PACA Section 499b(4) claim requires the notice described in Section

499e(c). In Solata Foods, LLC v. Farmers Direct Corp., the court dismissed all PACA claims, including a Section 499b(4) claim, because plaintiff failed to comply with the notice requirements of Sections 499e(c)(3)-(4). 738 F. Supp. 3d 262, 271 (E.D.N.Y. 2024). However, Solata Foods was primarily concerned with whether Plaintiff had "substantially complied" with PACA's notice requirements, not whether notice is required to state a claim under Section 499b(4). Id. at 269. Indeed, upon further review of briefing in that case, no party raised the issue of whether Plaintiff's Section 499b(4) claim could survive when its Section 499e(c) claim failed. See Am. Compl., Solata Foods, D.E. # 11; see also Pl.'s Opp'n Mem., Solata Foods, D.E. # 24. Therefore, the court's simultaneous disposal of the Section 499e(c) and Section 499b(4) claims is not relevant to a case like this, where Plaintiff asserts and thoroughly briefs a standalone Section 499b(4) claim.

I likewise find Courchesne Larose, Ltee. v. Ven-Co Produce, Inc. unpersuasive. No. 10-CV-3123 (SHS), 2010 WL 4877828 (S.D.N.Y. Nov. 30, 2010). There, the court dismissed the action, which was a Section 499b claim, for lack of subject-matter jurisdiction due to Courchesne's failure to provide notice of its intent to preserve its trust rights. The court seemingly took this approach because the plaintiff invoked a trust basis for jurisdiction, even though Plaintiff pled a 499b(4) failure-to-pay claim. Plaintiff's summary-judgment briefing was short and sparse, simply pasting the text of 499(b)(4) and baldly alleging defendant's failure to pay. Pl.'s Mem. Supp. Mot. Summ. J. at 1-2, Courchesne Larose, Ltee., No. 10-CV-3123 (SHS), D.E. # 12. Plaintiff's other briefing is similarly sparse, focusing narrowly on the amount owed and recapitulating the content of various invoices. See Pl.'s Mot. for Summ J., Courchesne Larose, Ltee., No. 10-CV-3123 (SHS), D.E. # 10; see also Pl.'s Rep.  Mem. in. Supp. Mot. Summ. J., Courchesne Larose, Ltee., No. 10-CV-3123 (SHS), D.E. # 23. The court thus did not have reason to consider whether a Section

8

499b(4) claim could have federal-question jurisdiction on its own, untethered from a Plaintiff's status as a trust beneficiary, given that neither party raised, let alone effectively briefed, that issue.[1]

### 3. Out-Of-Circuit Caselaw Is Both More Persuasive and More on Point

I am more persuaded by the cases from other districts that treat these sections separately, largely because they more directly address the issue presented here. Sunrise Orchards v. Pets Calvert Co. directly holds that Sections 499e(c) and 499b(4) claims are independent statutory causes of action, each giving rise to federal-question jurisdiction. No. 08-CV-6684, 2010 WL 1194203 (N.D. Ill. Mar. 23, 2010). The court there held the defendant liable for full damages under Section 499b(4), without any discussion of trust notice or preservation requirements, noting that the plaintiff was not attempting to enforce PACA trust claims but rather seeking judgment against defendant for failure to promptly pay under Section 499b(4). Id. at *8.

Onions Etc, Inc. v. Z & S Fresh, Inc. explains that Sections 499b and 499e(c) are separate statutory schemes that do not interrelate. No. 09-CV-00906 (OWW) (SMS), 2010 WL 2598392 (E.D. Cal. June 25, 2010). Rather, Section 499b prohibits unfair conduct, including, but not limited to, failure to maintain the trust, while Section 499e(c) is a separate mechanism that creates the trust, defines who qualifies as a beneficiary and preserves the trust. Id. at *10; see also C & G Farms, Inc. v. Capstone Bus. Credit, LLC, No. CV F 09-0032 (LJO) (SKO), 2011 WL 677487, at *11 (E.D. Cal. Feb. 17, 2011) ("[T]he PACA damages provisions and the statutory trust are different statutory schemes.").

---

[1] Another case on which Defendant relies, Jacob's Village Farm, only addresses trust-based claims. There, the Plaintiff brought Section 499b(4) claims for dissipation of trust assets and violations of fiduciary duties as trustees. Jacob's Vill. Farm Corp. v. Yusifov, No. 14-CV-4109 (PKC), 2015 WL 5693706, at *6 (E.D.N.Y. Sept. 28, 2015). In that case, Judge Chen held that a plaintiff who had not preserved the trust by giving notice could not bring a Section 499b claim involving the trust. Id. at *10. In so ruling, she noted that neither party addressed whether they were relying on Section 499e(b) to get damages (as Plaintiff does here), so she was analyzing whether they had a cause of action only under Section 499e(c). Id. at *9.

H & C Glob. Supplies SA DE CV v. Pandol Assocs. Mktg., Inc. also supports Plaintiff's position by delineating the elements of a standalone Section 499b(4) claim. No. 13-CV-0827 (AWI) (SKO), 2013 WL 5954812 (E.D. Cal. Nov. 6, 2013). There, the court granted judgment on the pleadings based on two allegations: that the plaintiff delivered produce to the defendant, and that the defendant violated Section 499b(4) by failing to make full, prompt payment for that produce. Id. at *2. The court did not require the plaintiff to plead compliance with Section 499e(c)(3)'s trust preservation notice requirement as a precondition for recovering damages under PACA.

## II.    Because Plaintiff Has Stated a Claim Under PACA, It Has Also Established Federal-Question Jurisdiction

For the above stated reasons, Plaintiff states a claim under PACA Section 499b, which does not require Plaintiff to plead compliance with Section 499e(c)'s notice requirement. Because Plaintiff can state a prompt-payment claim under PACA, I have federal-question jurisdiction over this suit. See Eastside Food Plaza, Inc. v. "R" Best Produce, Inc., No. 03-CV-106 (SAS), 2003 WL 21727788, at *3 (S.D.N.Y. July 23, 2003) (finding federal-question jurisdiction over Section 499b claim).

## CONCLUSION

For the reasons set forth above and on the record on July 17, 2026, I DENY Defendants' motion to dismiss.

SO ORDERED.

Dated: July 30, 2026
      Brooklyn, New York

                                          s/ Carol Bagley Amon
                                          Carol Bagley Amon
                                          United States District Judge